**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 03-2308

OSCAR HERRERA-GARCIA,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NOS. CR-02-1849 BB and CIV-03-1242 BB/WDS)**

Submitted on the Briefs: *

Oscar Herrera-Garcia, *pro se.*

David C. Iglesias, United States Attorney and David N. Williams, Assistant
United States Attorney, Albuquerque, New Mexico, for the Plaintiff - Appellee.

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

_____

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

**HARTZ** , Circuit Judge.

On November 4, 2002, Movant Oscar Herrera-Garcia pleaded guilty to the charge of illegal reentry by a deported alien.  8 U.S.C. § 1326(a).  At his May 5, 2003, sentencing hearing the district court enhanced his sentence under United States Sentencing Guidelines (USSG) § 2L1.2(b)(1)(A) because of a prior conviction for attempted assault.  He did not file a direct appeal.

On October 24, 2003, Movant filed in the United States District Court for the District of New Mexico a motion under 18 U.S.C. § 3582(c)(2) alleging that the sentencing court should apply the Sentencing Commission's Guidelines Amendment 632, which relates to USSG § 2L1.2.  Section 3582(c)(2) allows the court to modify a person's sentence if the guideline under which the person was sentenced is lowered by the Sentencing Commission after he is sentenced.[1] Amendment 632 took effect November 1, 2001.  *See* 2 USSG App. C 219.

---

[1]Section 3582(c)(2) states:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The district court denied the motion because it was outside the scope of the statute. Movant filed a timely notice of appeal. We affirm. The effective date of Amendment 632 was well before Movant was sentenced. Movant cannot argue that he was "sentenced to a term of imprisonment . . . that has subsequently been lowered by the Sentencing Commission." 18 U.S. § 3582(c)(2). To the extent that Movant's motion might be construed to argue that the sentencing court erred in its application of the guidelines, he requests relief not afforded by the statute invoked.

The judgment of the district court is AFFIRMED.