**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

RICHARD JOSEPH LEIDER,

　　Defendant - Appellant.

No. 06-4079
(D.C. No. 2:04-CR-594-PGC; 2:05-
CV-1024-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

Defendant-Appellant Richard Joseph Leider appeals from the district

court's decision denying his motion to modify his sentence under 18 U.S.C.

§ 3582.[1]  We AFFIRM.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]We GRANT Leider's motion to proceed in forma pauperis.  See 28 U.S.C. § 1915; see also United States v. Price, 438 F.3d 1005, 1007 (10th Cir.) (granting appellant's motion to appeal in forma pauperis from denial of 18 U.S.C. § 3582 motion), cert. denied, 126 S. Ct. 2365 (2006).

Leider pled guilty to seven counts of bank fraud, in violation of 18 U.S.C. 1344.[2] The indictment to which Leider pled guilty alleged generally that, from 1994 through 2002, Leider "developed and executed a scheme to defraud" three banks: U.S. Bank, Key Bank, and Zions Bank. The Indictment further alleged:

> 2. As part of the scheme to defraud, [Leider] opened bank accounts in names not his own through the use of false identification documents.
>
> 3. As further part of the scheme, [Leider] made fraudulent deposits to those accounts through the use of checks drawn on nonexistent accounts or accounts with insufficient funds.
>
> 4. In execution of the scheme, [Leider], knowing that there were insufficient funds in the accounts he had opened, made withdrawals from those accounts by the fraudulent use of checks, bank withdrawals, automatic teller machines and debit cards, causing a loss to the banks in the following amounts:
>
> U.S. Bank - $20,528
> Key Bank - $21,401
> Zions Bank - $24,845

---

[2]Section 1344 provides that

[w]hoever knowingly executes, or attempts to execute, a scheme or artifice–

> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined no more that $1,000,000 or imprisoned not more than 30 years, or both.

At sentencing, although the district court determined that the applicable guideline range was thirty to thirty-seven months, the court instead imposed the twenty-four-month sentence to which the parties stipulated as part of the plea agreement. The district court imposed this sentence on April 5, 2005 and further ordered this federal sentence to run concurrently with a one-year state sentence that Leider was already serving at that time. The misdemeanor conviction underlying that state sentence was for passing a bad check in order to obtain $2,439.66 unlawfully from Zions Bank in July 2002, during the same time that Leider admitted executing the bank fraud scheme.

Leider did not file a direct appeal. After completing his state sentence, Leider was transferred to federal custody in August 2005. There, Bureau of Prisons ("BOP") officials calculated his release date, crediting his federal sentence with the time Leider had served in state custody after the imposition of his federal sentence.[3] When Leider realized the BOP was not crediting his federal sentence for the time he served in state prison before his federal sentencing,

_____

[3]The BOP did not initially credit Leider's federal sentence with this period of state imprisonment. In his § 3582 motion, therefore, Leider asserted that the BOP was running his federal sentence consecutively rather than concurrently with his state sentence. The district court, in otherwise denying Leider's § 3582 motion, did note that the BOP had incorrectly calculated Leider's federal sentence from August 2, 2005, the date he was transferred into federal custody, rather than from April 5, 2005, the date the district court imposed the federal sentence. The district court requested that the BOP change this to reflect that his federal sentence began to run from the date it was imposed, April 5, 2005. In this manner, then, the federal sentence ran concurrently with the state sentence, beginning on the date that the district court imposed the federal sentence.

Leider filed a 18 U.S.C. § 3582[4] motion asking the district court to modify his sentence. In that § 3582 motion, Leider asserted that U.S.S.G. § 5G1.3(b)[5]

[4]Leider specifically rejected the district court's attempt to construe his § 3582 motion as one made instead under 28 U.S.C. § 2255.

[5]Because the district court sentenced Leider in April 2005, the 2004 sentencing Guidelines, effective in November 2004, apply unless doing so would result in an ex post facto violation. See U.S.S.G. § 1B1.11(a), (providing that generally district court must use guidelines in effect on date of sentencing), (b)(1) (providing that if applying the guidelines in effect at the time of sentencing would result in an ex post facto violation, then the district court should apply the guidelines in effect at the time the defendant committed the crime for which he is being sentenced). Leider has not asserted, and we cannot conclude, that applying the 2004 guidelines in this case would result in any ex post facto violation. We, therefore, apply the 2004 Guidelines. That version of § 5G1.3 provided:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsection (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> > (2) the sentence for the instant offense shall be imposed to

(continued...)

required that the district court credit against his federal sentence the entire time he served on his state conviction.

The district court denied that motion. Reviewing the district court's decision de novo, see United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997), we affirm.

"A district court does not have inherent authority to modify a previously imposed sentence." Id. Rather, "[a] district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." Price, 438 F.3d at 1007 (quotation, alteration omitted); see also Smartt, 129 F.3d at 541; United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996).

In this case, Leider specifically invoked 18 U.S.C. § 3582(c)(2). But that statutory provision permits a district court to modify a sentence only when " the defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." See also United States v.

[5](...continued)
> run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

Herrera-Garcia, 422 F.3d 1202, 1203 (10th Cir. 2005); United States v.

Chavez-Salais, 337 F.3d 1170, 1173 (10th Cir. 2003).  And Leider does not assert

that that is the case here.[6]

Leider also invoked § 3582 generally.  Section 3582(c)(1)(A) permits the

district court to modify a sentence if the BOP's Director moves for a sentence

reduction due to "extraordinary and compelling reasons" or if the inmate, among

other things, "is at least 70 years of age, has served 30 years in prison" and the

BOP Director has determined that "the defendant is not a danger to the safety of

any other person or the community."  See also Smartt, 129 F.3d at 541.  Again,

that is not the case here.  See id.

Lastly, § 3582(c)(1)(B) provides that a district "court may modify an

imposed term of imprisonment to the extent otherwise expressly permitted by

statute or by Rule 35 of the Federal Rules of Criminal Procedure."  See also

Smartt, 129 F.3d at 541.  But Leider does not assert "that any of the requisite

conditions for Rule 35 relief are present."  Id.  Nor does it appear that he could

make such an assertion under the facts of this case.  Rule 35(a) permits a district

court, "[w]ithin 7 days after sentencing," to "correct a sentence that resulted from

---

[6]Even if there was an amendment that lowered the guidelines that were applicable to Leider, he would still not be entitled to a sentence modification under § 3582(c)(2) because the district court in this case did not apply the guidelines to calculate Leider's sentence; the district court instead imposed the sentence to which Leider and the Government had stipulated in the plea agreement.  See United States v. Trujeque, 100 F.3d 869, 870 (10th Cir. 1996).

arithmetical, technical, or other clear error."[7]  But Leider asserted his § 3582 motion well after that seven-day time frame.  (R. doc. 1.)  And Rule 35(b) permits the district court to reduce a defendant's sentence in light of "substantial assistance" the inmate provided to the Government.  Leider's allegations do not implicate that provision, either.

For these reasons, § 3582 does not apply to Leider's circumstances.  We, therefore, AFFIRM the district court's decision declining to modify Leider's sentence under § 3582.  See Herrera-Garcia, 422 F.3d at 1203; United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003).

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[7]Rule 36, Fed. R. Crim. P., would also permit the district court to correct a sentence for clerical error.  But Leider does not allege a clerical error.