**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

RICARDO JOSE SUAREZ,

　　　　　Defendant-Appellant.

No. 07-8011
(D. of Wyo.)
(D.C. No. 02-CR-45-J)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

This is Ricardo Jose Suarez's third case before this Court. This time, again proceeding pro se, he seeks to modify his federal sentence under 18 U.S.C. § 3582(c)(2). For the following reasons, we find no jurisdiction to modify his sentence and dismiss his appeal.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

In March 2002, Suarez was charged with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. § 846. A few months later, he pleaded guilty to the count and was sentenced to 200 months imprisonment, four years supervised release, and a $1,000 fine. Suarez did not file a direct appeal in the matter.

In July 2004, Suarez filed his first 28 U.S.C. § 2255 habeas petition in the federal district court of Wyoming, claiming ineffective assistance of counsel and that his sentence violates the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The district court found Suarez's ineffective assistance claim time-barred and his sentencing claim meritless. The court denied both the habeas petition and a subsequent motion for reconsideration of the decision.

In June 2005, Suarez filed an application in this Court for permission to file a second or successive § 2255 motion. We denied the application because it was not based on "newly discovered evidence" or a "new rule of constitutional law" under 28 U.S.C. § 2255(1) and (2). *See Suarez v. United States*, No. 05-8057, Order, Sept. 14, 2005, Aple. Br., Ex. 8.

Next, Suarez filed in the district court a Rule 60(b) motion challenging the court's disposition of his first § 2255 petition. *See* Fed. R. Civ. P. 60(b). The district court rejected the motion and we affirmed the district court's resolution of

the matter. *See United States v. Suarez*, No. 05-8120, 2006 WL 991115 (10th Cir. April 17, 2006).

Finally, in November 2006, Suarez filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] According to the motion, Suarez claimed that amendments to the United States Sentencing Guidelines [USSG] make clear that he should not have been sentenced as a career offender under § 4B1.2 and that his sentence was unconstitutional.

The district court rejected the motion. First, it found that Suarez was not sentenced under a Guideline provision that had been subsequently modified by the Sentencing Commission under 28 U.S.C. § 994(o) and thus ruled that § 3582(c)(2) was inapplicable to Suarez's sentence. Second, the court held that a § 2255 motion is the exclusive remedy for challenging the validity of a judgment and sentence, unless it is inadequate or ineffective. Since Suarez failed to make a showing of how § 2255 would be inadequate or ineffective, the court determined that it had no authority to consider Suarez's claims. The court then directed

---

[1] Under 18 U.S.C. § 3582(c)(2), a court may modify the terms of imprisonment if

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Suarez to the rules regarding the filing of second or successive § 2255 motions. This decision serves as the basis of this appeal.

## II. Analysis

On appeal, Suarez asks us to reverse the district court's order on a variety of grounds: (1) his sentence was "erroneous" and "illegal" as a matter of law and so is subject to modification under § 3582(c)(2); (2) even if § 3582(c)(2) does not apply, the district court should have granted him relief under the "inherent powers" doctrine; and (3) his sentence was improperly executed because he is being held illegally. Even construing his pro se filings liberally, *see Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), we find no jurisdiction to modify Suarez's sentence under any statutory grant and dismiss this appeal. *See United States v. Blackwell*, 81 F.3d 945, 946 (10th Cir. 1996) ("Because no congressional enactment authorized the court to modify Defendant's sentence . . ., the court lacked jurisdiction to do so.").

*Section 3582(c)(2)*. The district court did not err in holding § 3582(c)(2) inapplicable to Suarez's sentence. By the plain language of the statute, a court may modify a sentence only if it was based on a "range that has *subsequently* been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (emphasis added). Accordingly, a sentence modification under § 3582(c)(2) must be premised on a change to the Guidelines made *after* the defendant's sentencing. *See United States v. Herrera-Garcia*, 422 F.3d 1202,

1203 (10th Cir. 2005); *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003).

Suarez was sentenced as a career offender pursuant to USSG § 4B1.2 in 2002. Suarez identified three amendments to the USSG that would "clarify" that one of his prior convictions could not serve as a predicate to a career offender enhancement—Amendments 433, 461, and 586. All of these Amendments were operative well before his sentencing in 2002,[2] and § 3582(c)(2) does not confer jurisdiction over challenges to a sentence based on Guidelines *already* in effect. The district court was, therefore, correct to disclaim jurisdiction over Suarez's motion based on § 3582(c)(2).

*Inherent Powers.* Suarez next asserts that the district court should have used its "inherent powers" to grant him relief from the sentence. But it is well-settled in this Circuit that "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Blackwell*, 81 F.3d at 947. Thus, "a district court does not have inherent power to resentence defendants at any time." *Id.* at 949.

---

[2] Amendment 433 became effective on November 1, 1991. USSG App. C, Vol. 1, at 304 (Nov. 1, 2003). Amendment 461 went into effect on November 1, 1992. *Id.* at 339. Amendment 568 became operative on November 1, 1997. *Id.* at 529.

Suarez admitted these facts as well. *See* Mem. In Support of Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) at 1 ("Suarez is aware that these amendments are not subsequent to his sentencing. . . .").

Accordingly, Suarez's "inherent powers" theory offers no ground for federal jurisdiction over his sentence.

*Section § 2241.* Next, Suarez suggests that the district court should have construed his motion under § 2241. Again, § 2241 would be unavailing. A § 2241 petition attacks the *execution* of a sentence and must be filed in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Yet, Suarez does not challenge the execution of his sentence, rather he claims that the sentence itself is invalid.

In order to attack the "legality of detention," a prisoner must file a § 2255 petition. *Id.* "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Id.* (internal citation omitted). Unless a § 2255 remedy is inadequate or ineffective, it is the exclusive remedy for testing the validity of a judgment and sentence. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

We agree with the district court that Suarez failed to show how § 2255 would be inadequate or ineffective in his case. A remedy under § 2255 is inadequate or ineffective under limited circumstances—for example, when the original sentencing court has been abolished, the sentencing court refuses to consider the petition altogether, the sentencing court inordinately delays

consideration of the motion, or when no single court can grant complete relief. *See Caravalho*, 177 F.3d at 1178. The mere fact that relief under a previous § 2255 motion was denied is not sufficient to demonstrate that it is an inadequate remedy. *See Bradshaw*, 86 F.3d at 167. Because § 2255 would not be inadequate or ineffective in this case, § 2241 would be an inappropriate jurisdictional grant for considering his sentence.[3]

Finally, the district court did not err in declining to recharacterize Suarez's motion as a § 2255 petition. Instead, the court directed Suarez to the provisions for filing a second or successive § 2255 petition. AEDPA permits second or successive petition "in very limited circumstances." *United States v. Kelly*, 235

---

[3] Suarez makes the novel argument that the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004), recasts our § 2241 jurisprudence. Based on *Rasul*, Suarez asserts that § 2241 grants jurisdiction where a "person or prisoner is being held in violation of the Constitution or laws of the United States." Aplt. Opening Br. at 3(d) (citing *Rasul*, 542 U.S. at 483–84 ("Petitioners contend that they are being held in federal custody in violation of the laws of the United States. No party questions the District Court's jurisdiction over petitioners' custodians. Section 2241, by its terms, requires nothing more.") (internal citations omitted)). Yet, by its own terms, *Rasul* applies only to the "narrow" question of the "legality of the detention of foreign nationals captured abroad in connection with hostilities and incarcerated at the Guantanamo Bay Naval Base, Cuba." *Id.* at 470. The enemy combatants in the case were not subject to a federal sentence imposed by federal courts that could be challenged pursuant to § 2255. Suarez, on the other hand, is a federal prisoner sentenced pursuant to federal law with § 2255 still a viable remedy. Accordingly, *Rasul* is inapposite to his case.

F.3d 1238, 1241 (10th Cir. 2000).[4] Only this Court may authorize the commencement of a second or successive § 2255 petition. *See* 28 U.S.C. §§ 2255 and 2244(b)(3)(A). Since the district court attempted to point Suarez in the right direction regarding § 2255 petitions and Suarez makes no mention of § 2255 in his brief to us, we can only conclude that Suarez did not wish to have his motion recharacterized as a § 2255 petition. Accordingly, we also decline to construe this appeal as an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second or successive habeas petition in the district court. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997). But even if Suarez's petition were construed as an application under § 2255, he has shown nothing that would meet its requirements of new evidence or a retroactive change in law.

---

[4] Section 2255 of Title 28 provides in relevant part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

### III. Conclusion

Finding no jurisdiction to modify Suarez's sentence, we DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge