FILED
United States Court of Appeals
Tenth Circuit

August 2, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WAYNE LEROY BURR,

    Defendant - Appellant.

No. 18-4026
(D.C. No. 2:14-CR-00154-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

    Wayne Leroy Burr, proceeding pro se, appeals the district court's denial of his

request to reduce his sentence under 18 U.S.C. § 3582(c)(2).  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.  We also deny Mr. Burr's request to proceed *in forma*

*pauperis*.[1]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Burr is pro se, we liberally construe his filings but do not act as
his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I.  BACKGROUND

Mr. Burr pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and money laundering in violation of 18 U.S.C. § 1957.  He entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which he stipulated to a prison sentence of 96 months.

In June 2016, the district court sentenced Mr. Burr to 96 months.  A year later, he moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines.  Section 3582(c)(2) provides that the court may, under certain circumstances, modify a previously imposed prison sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Amendment 782 "reduced the base offense levels assigned to certain drug offenses by two levels."  *United States v. Green*, 886 F.3d 1300, 1302 (10th Cir. 2018).

The Government opposed Mr. Burr's § 3582(c)(2) motion, arguing that Mr. Burr was ineligible for a reduction because his stipulated Rule 11(c)(1)(C) sentence was not linked to a Guidelines range that was subject to modification, and because the Guidelines used in calculating his total offense level had already accounted for Amendment 782. The district court agreed with the Government and dismissed the motion.

Mr. Burr filed a second motion under § 3582(c)(2), seeking the same relief.  The district court dismissed, treating the motion as one for reconsideration.  He appealed.

Mr. Burr's plea agreement contained a provision that waived his right to appeal. After he filed his notice of appeal and his opening brief, the Government moved to enforce the appellate waiver.  This court denied the motion "without prejudice to the

government renewing the request in its merits briefing." Doc. 10565438 at 5. The Government has not renewed its motion, so we proceed to the merits.

## II. DISCUSSION

Mr. Burr's appeal fails because Amendment 782 became effective before he was sentenced.

A district court may modify a defendant's sentence only when Congress has expressly granted the court jurisdiction to do so, *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014), which Congress did in § 3582(c), *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014). Section 3582(c)(2) permits a district court to modify a sentence when the United States Sentencing Commission has lowered the Guidelines range. *See* 18 U.S.C. § 3582(c); *United States v. Henriquez-Serrano*, 327 F. App'x 766, 768 (10th Cir. 2009) (unpublished).[2]

As noted, § 3582(c)(2) applies when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). Amendment 782 became effective on November 1, 2014, *before* Mr. Burr was sentenced on June 29, 2016. To calculate his Guidelines range, the presentence report used the 2015 Guidelines Manual, which had incorporated Amendment 782. Because Amendment 782 was part of the Guidelines used to determine Mr. Burr's offense level, his argument for sentence

---

[2] We cite unpublished cases here for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

reduction based on Amendment 782 lacks merit.[3]

## III. **CONCLUSION**

Because Mr. Burr did not qualify for sentence reduction under § 3582(c)(2), the district court lacked jurisdiction to grant his request and properly dismissed his motion. We therefore affirm the district court. We also deny Mr. Burr's motion to proceed *in forma pauperis*. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[T]o succeed on a motion to proceed IFP, the movant must show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[3] To the extent Mr. Burr challenges the PSR's calculation of his Guidelines sentencing range, Aplt. Br. at 3-5, this is not a recognized ground for relief under § 3582(c)(2). *See United States v. Herrera-Garcia*, 422 F.3d 1202, 1203 (10th Cir. 2005).