**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BUDDIE LEE SMARTT,

    Defendant-Appellant,

No. 96-8125

---

Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 93-CR-29-01B)

---

**SUBMITTED ON THE BRIEFS:**

David T. Duran, Denver, Colorado, for Defendant-Appellant.

David d. Freudenthal, United States Attorney, and David A. Kubichek, Assistant
United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Defendant Buddie Lee Smartt appeals the denial of his motion under 18 U.S.C. § 3582(c) for a modification of his term of imprisonment. We affirm.[1]

# I

Mr. Smartt was charged with manufacturing, distributing, and possessing with intent to manufacture and distribute more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) (count I), and using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (count II). On June 18, 1993, Mr. Smartt pled guilty to count I. Count II was dismissed at the time his plea was entered. On February 10, 1995, Mr. Smartt was sentenced to a 60 month mandatory minimum period of incarceration.[2]

Mr. Smartt did not appeal his sentence. In 1996, he filed a motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). He claimed the district court

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

[2]Nearly two years passed between Mr. Smartt's guilty plea and his sentencing because he was permitted to have scheduled surgery on his legs. Mr. Smartt suffers from degenerative joint disease and also has had several injuries to his legs.

was authorized to reduce his sentence for two reasons. First, he asserted he was entitled to a reduction because his sentencing range was subsequently lowered by the United States Sentencing Commission when it altered the way drug quantities based on a specific number of marijuana plants are to be calculated. See U.S.S.G. App. C, Amendment 516 (Nov. 1995) (amending U.S.S.G. § 2D1.1(c)) (authorized for retroactive application by U.S.S.G. 1B1.10(c) (Nov. 1995)). Second, Mr. Smartt asserted that his sentence should be modified because his medical needs were not being met at his place of confinement. The district court denied Mr. Smartt's motion, addressing only his contention regarding the change in the guideline range. The district court concluded that Mr. Smartt had not been sentenced using a guideline range but rather in accordance with a statutory mandatory minimum period which had not been reduced. Consequently, the court held he was ineligible for relief under 18 U.S.C. § 3582(c)(2).

Mr. Smartt filed a second motion for reduction of sentence, repeating the arguments raised in the first motion and adding claims that his medical condition warranted a reduction under 18 U.S.C. § 3553(b) and that the district court was permitted to depart from the mandatory minimum sentence under the "safety valve" provision of section 3553(f). Both subsections (b) and (f) of section 3553 were in effect, but not raised, at the time of Mr. Smartt's original sentencing. The

district court reiterated its conclusion that Mr. Smartt was ineligible for a reduction based on the guidelines amendment. The court further held that Mr. Smartt was not eligible for a sentence reduction based on the safety valve provision of section 3553(f) because he failed to satisfy two of the five requirements of that section.

## II

On appeal, Mr. Smartt contends the district court erred by failing to give him the benefit of the amended guideline, and by failing to apply sections 3553(b) and (f) to reduce his sentence from the mandatory minimum. The government responds that the district court correctly denied Mr. Smartt's motion for sentence reduction under section 3582(c)(2), and that the court lacked jurisdiction to modify Mr. Smartt's sentence by application of section 3553(b) or (f). We agree with the government.

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." United States v. Acosta-Olivas, 71 F.3d 375, 377 (10th Cir. 1995). "We [also] review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). "A district court does not have

inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).

Because Mr. Smartt's motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely on [18 U.S.C. § 3582(c)]." United States v. Trujeque, 100 F.3d 869, 870 (10th Cir. 1996). Section 3582(c) provides that a "court *may not* modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c) (emphasis added); see Blackwell, 81 F.3d at 947-48. First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Mr. Smartt posits three grounds which he argues warrant resentencing: his medical condition, the safety valve provision of section 3553(f), and a subsequent amendment of the guidelines. Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider Mr. Smartt's request. We assess each possible basis for sentence reduction.

## A.    Modification for special circumstances

Mr. Smartt is not eligible for a special circumstances reduction based on his medical condition. Section 3582(c)(1)(A), which arguably might encompass this claim, requires that a motion be brought by the Director of the Bureau of Prisons. This requirement was not met.

## B.    Modification expressly permitted by statute or Rule 35

Mr. Smartt is also ineligible for a reduction under section 3582(c)(1)(B). That section authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35." Mr. Smartt does not assert that any of the requisite conditions for Rule 35 relief are present. See Blackwell, 81 F.3d at 948-49 (describing applicability of Rule 35). Rather, he argues that the safety valve provision of 18 U.S.C. § 3553(f), which requires

departure from the mandatory minimum in some circumstances,[3] and section

---

[3]The safety valve provision provides:

"the court *shall impose a sentence* . . . without regard to any statutory minimum, if the court *finds at sentencing* . . . that

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substance Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with the requirement.

18 U.S.C. § 3553(f) (emphasis added).

The district court found Mr. Smartt failed to carry his burden to show that he had not possessed firearms in connection with the offense, § 3553(f)(2), and that he had truthfully provided to the government all information and evidence concerning the offense, § 3553(f)(5). Given our determination that the district court lacked jurisdiction to consider Mr. Smartt's entitlement to a safety valve reduction, we do not address the merits of the district court's decision.

3553(b), which might encompass Mr. Smartt's medical condition,[4] are both statutes that expressly permit modification of a sentence and are applicable to him. We disagree.

We read section 3582(c)(1)(B) to permit modification of an imposed term of imprisonment only where a statute expressly provides for reduction of a *previously imposed* sentence. That is what Rule 35 provides, and it does not make sense to us that Congress intended section 3582(c)(1)(B) to mean that any statute permitting a district court to consider special factors *at sentencing*, which is what section 3553(b) and (f) do, could be utilized to modify a sentence after it becomes final.

The plain language of section 3553 supports this conclusion. The entire section is directed at the initial imposition of a sentence. Mr. Smartt was sentenced in 1995 and has established no jurisdiction for resentencing. See infra Part C. This case is therefore distinguishable from cases permitting the application of the safety valve provision at *resentencings* where the district court

---

[4]Section 3553(b) permits a court, *at sentencing*, to depart from the prescribed sentencing range for a mitigating circumstance of a kind not adequately considered by the Sentencing Commission. The district court did not address this argument, and we hold infra that it lacked jurisdiction to do so.

has otherwise been authorized to set the sentence anew.  See, e.g., United States v. Clark, 110 F.3d 15, 16 (6th Cir. 1997) (resentencing jurisdiction based on section 3582(c)(2)).  Cf. United States v. Williams, 103 F.3d 57, 58 (8th Cir. 1996) (per curiam) (government may seek section 5553(e) reduction of sentence when court has resentencing jurisdiction under 3582(c)(2)).  We hold that neither section 3553(b) nor (f) provides for modification of an imposed sentence within the meaning of section 3582(c)(1)(B).  The district court therefore lacked jurisdiction to consider the merits of applying the safety valve provision.

## C.      Subsequent lowering of sentencing range

After Mr. Smartt was sentenced, the marijuana plant/weight equivalencies in the Sentencing Guidelines were modified.  If the modifications were applicable to Mr. Smartt, they would result in a lower sentencing range, see U.S.S.G. App. C, Amendment 516, and Mr. Smartt would be entitled to a reduction under section 3582(c)(2).  However, Mr. Smartt was not sentenced pursuant to the guidelines.  Rather, he was sentenced to a statutory mandatory minimum which must be imposed when a defendant is convicted of possession of "100 or more marijuana plants *regardless of weight*."  21 U.S.C. § 841(b)(1)(B)(vii) (emphasis added).[5]

---

[5]As we discuss in Part III, the circumstances of this case are very unusual. The safety valve provision of 18 U.S.C. § 3553(f), which authorized the sentencing court to disregard the statutory minimum, was in effect at the time Mr.

The Sentencing Commission's subsequent amendment of the guideline plant/weight equivalencies did not amend the statute requiring the mandatory minimum sentence for possession of 100 or more marijuana plants. See United States v. Novey, 78 F.3d 1483, 1486 (10th Cir. 1996) ("[T]he Sentencing Commission does not have the authority to override or amend a statute." (citing Neal v. United States, 116 S. Ct. 763, 766, 768 (1996)), cert. denied, 117 S. Ct. 2407 (1997). Mr. Smartt was thus ineligible for a reduction of sentence under section 3582(c)(2). See United States v. Mullanix, 99 F.3d 323, 324 (9th Cir. 1996) (defendant not entitled to a reduction in sentence pursuant to Amendment 516 because original sentence was the statutory minimum term of 60 months), cert. denied, 117 S. Ct. 1457 (1997); United States v. Marshall, 95 F.3d 700, 701 (8th Cir. 1996) (per curiam) (where defendant possessed over 100 marijuana plants, Amendment 516 could not lower defendant's sentence below the 60-month statutory minimum).

### III

The safety valve provision in section 3553(f) had not yet been enacted when Mr. Smartt pled guilty. However, due to the long delay between his guilty

Smartt was sentenced. Nonetheless, that provision was not addressed by the parties or the court and Mr. Smartt was sentenced as though it did not exist.

plea and his sentencing, <u>see</u> supra note 1, the provision became effective prior to Mr. Smartt's sentencing and could have been considered then by the district court had it been raised. <u>See</u> <u>United States v. Torres</u>, 99 F.3d 360, 362 (10th Cir. 1996) ("safety valve exception applies to all sentences imposed on or after September 23, 1994"), <u>cert. denied</u>, 117 S.Ct. 1273 (1997). Mr. Smartt contends the probation department had a continuing duty to update his presentence report and should have considered the applicability of the safety valve provision, and that his counsel was ineffective for failing to raise it. We have no jurisdiction under section 3582(c) to consider these issues. If Mr. Smartt wishes to raise the failure of his counsel and the district court to apply section 3553(f) at the time of his original sentencing, he must do so in a petition under 28 U.S.C. § 2255.

We **AFFIRM** the district court's dismissal of Mr. Smartt's motion under 3582(c) for sentence reduction.