**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HECTOR ALVARADO-CARRILLO,

Defendant-Appellant.

No. 02-2271
(D.C. No. CR-95-104)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO** and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Hector Alvarado-Carrillo appeals from the district court's order denying his motion for a downward departure of his sentence. We have jurisdiction over this

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal by virtue of 28 U.S.C. § 1291. Because the district court concluded that it lacked authority to modify appellant's sentence under the applicable procedural facts, we review that decision de novo. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

Appellant's motion for downward departure was neither a direct appeal from his conviction nor a collateral attack on his sentence. Accordingly, "the viability of his motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation and alteration omitted). On appeal, appellant contends that the district court had the authority to consider the downward departure factor he argues, i.e., post-conviction rehabilitation. Some courts have held that post-conviction rehabilitation may be considered in sentencing, *see United States v. Bradstreet*, 207 F.3d 76, 81 (1st Cir. 2000) (collecting cases on the issue). Nonetheless, all of these cases involved either initial sentencing or resentencing after a successful direct appeal or collateral attack. Therefore, these decisions are inapt in this case.

"Section 3582(c) provides that a court *may not* modify a term of imprisonment once it has been imposed except in three limited circumstances." *Smartt*, 129 F.3d at 540-41 (quotation omitted) (emphasis in original). This statute allows modification 1) upon motion by the Director of the Bureau of Prisons or 2) to the extent it is allowed by statute or under the provisions of Fed. R. Crim. P. 35; or 3) if the applicable sentencing range was subsequently

lowered by the Sentencing Commission. As the district court noted, appellant's arguments implicate no statutory basis for his downward departure request, and his arguments do not fall within the purview of Rule 35. He filed the motion for downward departure, and he does not argue that the applicable sentencing range has been lowered. Therefore, we conclude that the district court correctly denied appellant's motion for downward departure.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge