**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARMANDO MARTINEZ-ANAYA,

    Defendant-Appellant.

No. 03-2104

(D.C. No. CIV-03-256 LH/LFG)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Armando Martinez-Anaya, a federal prisoner appearing pro se, appeals the district court's denial of his motion for sentence modification filed pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to a 120-month minimum mandatory term of imprisonment. In his § 3582(c)(2) motion, defendant argued the sentencing range applicable to his convictions had been lowered retroactively by Amendment 640 to the Guidelines and that his sentence should be reduced accordingly. See U.S.S.G. § 2D1.1(a)(3). The district court concluded that defendant was not entitled to relief because he was given the minimum statutory sentence and therefore was not eligible for a discretionary reduction under § 3582(c)(2).

A district court may reduce a defendant's term of imprisonment pursuant to § 3582(c)(2) when the applicable sentencing range is lowered by the Sentencing Commission after the defendant is sentenced. However, defendant's sentence was controlled by the applicable statutory mandatory minimum. He was sentenced to the statutory mandatory minimum of 120 months, a term of imprisonment that must be imposed when a defendant is convicted of possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. See 21 U.S.C. § 841(b)(1)(A)(ii); see also U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline

2

range, the statutorily required minimum sentence shall be the guideline sentence.").

Amendment 640 did not amend § 841(b)(1)(A)(ii). The district court was correct in

concluding that defendant was not eligible for a reduction of sentence under § 3582(c)(2).

See United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997) (concluding defendant

not entitled to reduction in sentence pursuant to Amendment 516 because original

sentence was statutory minimum term of 60 months).[1]

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] In his reply brief, defendant requests application of the safety valve provision found in U.S.S.G. § 5C1.2. This issue was not raised before the district court and will not be considered. See United States v. Arzaga, 9 F.3d 91, 94 (10th Cir. 1993).