FILED
United States Court of Appeals
Tenth Circuit

December 12, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

TYRONE D. TYNER,

　　　　Defendant-Appellant.

No. 08-3161

(D. Kansas)

(D.C. No. 2:06-20043-06-JWL-6)

ORDER AND JUDGMENT[*]

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit
Judges.

　　　After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

　　　Tyrone D. Tyner appeals the district court's refusal to reduce his
ten-year sentence for his drug conspiracy conviction. He argues that the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

district court failed to rely on certain amendments to the Sentencing Guidelines that would have resulted in a reduced sentence. He also argues that once the district court applied the amendments correctly, it should also have reevaluated his sentence under *United States v. Booker*, 543 U.S. 220 (2005). Reviewing de novo, we affirm Mr. Tyner's sentence.

## I. BACKGROUND

Mr. Tyner pleaded guilty to one count each of (1) conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(a)(1); (2) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C); and (3) possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). The presentence report calculated Mr. Tyner's adjusted offense level to be 29, with a criminal history category of IV, resulting in a sentencing guidelines range of 121 to 151 months. Mr. Tyner was subject to a minimum mandatory sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A), and on June 18, 2007, the district court sentenced Mr. Tyner to 120 months' imprisonment, followed by five years' supervised release.

After the entry of his conviction and his sentence, Mr. Tyner filed in the district court a pro se Motion to Reduce Sentences Pursuant to 18 U.S.C. § 3582(c)(2) to Modify Term of Imprisonment and a Memorandum in

support thereof.  Mr. Tyner contended that the district court should have reduced his sentence under USSG Amendments 591, 599, and 709.[1]

In its Memorandum and Order addressing the motion to reduce the sentence, as to Amendments 591 and 599, the district court agreed with Mr. Tyner that USSG § 1B.10(c) explicitly lists these as amendments that a court should apply retroactively.  Rec. doc. 288, at 2 (Mem. and Order, filed June 2, 2008).  However, the district court noted that these two amendments became effective on November 1, 2000, and thus were already in effect and considered by the district court when it sentenced Mr. Tyner.  As to Amendment 709, the district court concluded this amendment was *not* listed in USSG § 1B1.10(c) and was not, therefore, retroactive, such that it did not authorize modification under § 3582(c)(2).  As a result, the district court denied the motion.  Mr. Tyner now appeals.

---

[1] Undoubtedly contributing to Mr. Tyner's confusion, the Government's response to Mr. Tyner's pro se motion focused exclusively on Amendment 706, which concerns "crack" cocaine, and makes no reference to any argument Mr. Tyner actually raised concerning Amendments 591, 599, and 709.  Rec. doc. 279 (Govt's Response to Defendant's Motion to Reduce Sentence) ("The defendant's motion should be denied for the simple reason that his case did not involve cocaine base ('crack'), and he was not sentenced pursuant to the portions of Section 2D1.1 altered by Amendment 706.").  *See* Rec. doc. 280 (Defendant's pro se reply styled as a "Motion to Traverse") ("The government's argument is flawed, and has no basis in this proceeding regarding defendant [who] was convicted [for the controlled substance] methamphetamine and not "crack" cocaine base.").

## II. DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smart*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation marks, citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: 1) on motion of the Director of the Bureau of Prisons if special circumstances exist; 2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or 3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. Mr. Tyner's motion is premised on the last circumstance: a reduction of the sentencing range applicable to him. We construe liberally pleadings filed by pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Section 3582(c)(2) of U.S.C. Title 18 provides as follows:

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, *the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a*

-4-

*reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis supplied).

Pursuant to the Sentencing Commission's policy statement on retroactive reduction of sentences:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual *listed in subsection (c) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (emphasis supplied). Subsection (c) states:

> Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

Here, the district court concluded Amendments 591 and 599 were inapplicable because they had already taken effect and had been considered by the court, and that Amendment 709, which concerns criminal history calculations, was inapplicable because it was not made retroactive. *See* 18 U.S.C. § 3582(c)(2).

We agree with the district court's apt reasoning. Amendments 591 and 599 became effective on November 1, 2000, and were then part of the guidelines that the district court considered when it sentenced Mr. Tyner.

Thus, no reduction is applicable.

Second, Amendment 709 is not listed in § 1B 1.10(c). Thus, it is not retroactive and the district court did not have authority to reduce Mr. Tyner's sentence based upon an application of Amendment 709. Even if Amendment 709, which became effective on November 1, 2007, applied retroactively, however, Mr. Tyner's sentence would not be reduced because his advisory guideline sentencing range was based upon not his criminal history category but a statutory-minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A) (listing penalties for a violation of 21 U.S.C. § 841(a)(1) and requiring "term of imprisonment [of] not . . . less than ten years"). Accordingly, after a review of the record and the parties' briefs, we affirm the district court's denial of Mr. Tyner's § 3582(c)(2) motion.

### III. CONCLUSION

Accordingly, we AFFIRM Mr. Tyner's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge