FILED
United States Court of Appeals
Tenth Circuit

February 9, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CARL G. TERRELL,

     Defendant-Appellant.

No. 08-3135
(D.C. No. 97-CR-10061-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Carl G. Terrell, appearing pro se, challenges the
district court's order denying his motion for sentence reduction pursuant to 18
U.S.C. § 3582(c)(2).[1] Exercising our jurisdiction under 28 U.S.C. § 1291, we
affirm in part, vacate in part, and remand for further proceedings.

---

[*]     This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Terrell is proceeding pro se, we review his pleadings
and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard
v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

## I. BACKGROUND

After a twenty minute high speed chase, police apprehended Mr. Terrell and found drugs and guns in his possession. A jury found him guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 1), possession of firearms during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Counts 2-4), being an unlawful user of controlled substances in possession of firearms in violation of 18 U.S.C. § 922(g)(3) (Counts 5-9), unlawful possession of marijuana in violation of 21 U.S.C. § 844(a) (Count 10), and unlawful possession of cocaine base in violation of 21 U.S.C. § 844(a) (Count 11).

The Presentence Report grouped Counts 1, 5-9, 10, and 11 together pursuant to U.S.S.G. § 3D1.2(c). Mr. Terrell's sentence was calculated under U.S.S.G. § 2K2.1 (Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition). His Total Offense Level was 23. This included a one-level specific offense characteristic enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), for possession of three firearms. This offense level, combined with a criminal history category of III, produced a Guidelines range of 57-71 months. The district court sentenced Mr. Terrell to 60 months' imprisonment for the § 924(c) offense and a consecutive term of 60 months for the remaining counts.

Mr. Terrell filed a motion under 18 U.S.C. § 3582(c)(2) for a sentence

-2-

reduction pursuant to Amendments 706 and 599 to the Sentencing Guidelines.

The district court denied the motion. The court found that Amendment 706 would

not reduce Mr. Terrell's sentence because U.S.S.G. § 2K2.1 was used to

determine Mr. Terrell's Guidelines range. As Mr. Terrell correctly notes, the

district court failed to address his claim for a sentence reduction under

Amendment 599.

## II. DISCUSSION

*Amendment 706*

"We review de novo the district court's interpretation of a statute or the

sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.

1997) (internal quotation marks omitted). "We review for an abuse of discretion a

district court's decision to deny a reduction in sentence under 18 U.S.C. §

3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

"When a motion for a sentence reduction is not a direct appeal or a collateral

attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18

U.S.C. § 3582(c)." *Id.* (internal quotation marks and alteration omitted).

Section 3582(c)(2) states that

> [I]n the case of a defendant who has been sentenced to a term
> of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission . . .
> the court may reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a) to the
> extent they are applicable, if such a reduction is *consistent
> with applicable policy statements* issued by the Sentencing

Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." Since Amendment 706 is listed in subsection (c), we examine whether the application of Amendment 706 would lower Mr. Terrell's applicable Guidelines range.

Amendment 706 "amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). . . . [to] provide[] a 2-level reduction in base offense levels for crack cocaine-related offenses." *United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008) (citation omitted). Mr. Terrell, however, was sentenced under the firearms Guidelines provisions in § 2K2.1, which were not affected by Amendment 706. As a result, "a reduction in [Mr. Terrell's] term of imprisonment is not consistent with the policy statement in § 1B1.10 and therefore is not authorized under 18 U.S.C. § 3582(c)(2) because . . . Amendment 706 does not have the effect of lowering [Mr. Terrell's] applicable guideline range." *Sharkey*, 543 F.3d at 1239 (internal quotation marks omitted). Thus, the district court properly denied Mr. Terrell's motion for relief under Amendment 706.

*Amendment 599*

As Mr. Terrell correctly notes, the district court failed to address his claim

for a sentence reduction under Amendment 599 to the Sentencing Guidelines. "Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially." *Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005); *see also Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").

In this case, a district court ruling would be particularly helpful because we appear to be faced with at least two issues of first impression, which have generated significant and thoughtful discussion among jurists. *See United States v. Goines*, 357 F.3d 469, 473-74 (4th Cir. 2004); *id.* at 481 (Luttig, J., dissenting) ("The majority correctly recognizes the necessary questions to be answered . . . . But beyond this point, the majority and I are, to a large extent, in fundamental disagreement."). Specifically, they are: (1) whether the weapons enhancement was proper under the facts of this case in light of Amendment 599; (2) if not, whether a § 3582(c)(2) motion is a legally appropriate vehicle to obtain relief. Accordingly, we remand for the district court to resolve in the first instance these and any other pertinent issues related to disposition of Mr. Terrell's Amendment 599 claim. We express no opinion regarding the proper resolution of these matters.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for further proceedings.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge