FILED
United States Court of Appeals
Tenth Circuit

July 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERARDO JUAREZ-LOZANO,

Defendant - Appellant.

Nos. 09-3340, 10-3040

(D. Kansas)

(D.C. No. 5:98-CR-40023-RDR-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

In these consolidated appeals, Gerardo Juarez-Lozano, a federal prisoner appearing pro se, challenges the district court's denial of two motions: a motion to withdraw his guilty plea under Fed. R. Civ. P. 11 and a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

On September 21, 1998, Mr. Juarez-Lozano pleaded guilty in the United States District Court for the District of Kansas to conspiring to distribute five

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

kilograms or more of a mixture containing a detectable amount of cocaine. *See* 21 U.S.C. § 846. Mr. Juarez-Lozano moved to withdraw his plea on December 2, 1998, but the motion was denied. On February 23, 1999, the district court sentenced him to the statutory mandatory minimum sentence of 240 months' imprisonment. Two years later Mr. Juarez-Lozano filed a motion for relief under 28 U.S.C. § 2255 to modify his term of imprisonment. The district court denied the motion on April 17, 2001.

On October 8, 2009, Mr. Juarez-Lozano moved the district court to withdraw his guilty plea under Fed. R. Crim. P. 11. He contended that the district court "found that 5 kilograms of cocaine was to be used for sentencing, and illegally sentenced defendant to 240 months, when the jurisdictional element of only a 'Detectable Amount' was contained in the mixture or substance in violation of Cite: United States vs. Cotton, [535 U.S. 625] (2001)." R., Vol. 1 at 115 (emphasis omitted). The district court denied the motion on several grounds, one of which was that a motion to withdraw a plea under Rule 11 cannot be brought by a defendant once he has been sentenced. *See* Fed. R. Crim. P. 11(e).

Next, on October 30, 2009, Mr. Juarez-Lozano filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence. He stated as his claim: "1) The indictment alleges 5 kilograms or more of a "Mixture or Substance" containing a detectable amount of drugs. 2) However; 'CRACK COCAINE' is a finished product ready for use, therefore; no mixture or substance can contain a finished

product . . . . . . . . as it would not be classified as 'CRACK'." R., Vol. 1 at 122 (emphasis omitted). And he then concluded (based on logic unfamiliar to this court): "Wherefore; will this Honorable Court hereby reduce defendant's federal sentence based on retroactive Sentencing Guideline Amendment #706 in the interest of justice?" *Id.* at 123. The district court denied the motion on the ground that § 3582(c)(2) is unavailable when, as herz, the defendant was sentenced to the minimum established by statute, because such a sentence is not based on the United States Sentencing Guidelines. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

We affirm the district court because it was correct in its rulings. First, Rule 11(e) bars the withdrawal of a plea after sentencing. Perhaps in some circumstances a court could recharacterize a Rule 11 motion as one under 28 U.S.C. § 2255. But that would be pointless here because such a motion would be barred as both untimely, *see* 28 U.S.C. § 2255(f), and second-or-successive, *see id.* § 2255(h). As for Mr. Juarez-Lozano's motion under § 3582(c)(2), relief was not available for the reasons stated by the district court.

We AFFIRM the judgment of the district court. We GRANT Mr. Juarez-Lozano's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-3-