**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SERGIO RAMIREZ,

      Defendant-Appellant.

No. 10-2071

(D. of N.M.)

(D.C. No. 1:06-CR-01385-JCH-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Sergio Ramirez appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a reduction of his term of imprisonment. After Ramirez

filed a timely notice of appeal, his counsel filed an *Anders*[1] brief and moved to

withdraw representation. Because we agree that Ramirez has no meritorious

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] *Anders v. California*, 386 U.S. 738 (1967).

claims on appeal, we GRANT his counsel's request to withdraw and AFFIRM the decision of the district court.

## I. Background

Ramirez pleaded guilty in federal court to the following two counts: 1) possession with intent to distribute at least five grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii), and 2) carrying and possessing a firearm in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

He was initially sentenced to 130 months in prison under the U.S. Sentencing Guidelines (USSG). He then successfully moved for a reduction of his sentence based upon the retroactive application of an amendment to the USSG lowering the base offense levels for crack cocaine offenses. The district court reduced his sentence to 120 months in prison—60 months for each of the two counts.

Ramirez then filed a second motion for a reduction of his sentence, which the district court denied because the amended sentence was no greater than the combined statutory mandatory minimum for his two offenses of conviction.

## II. Discussion

Ramirez argues the district court erred when it denied his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues the district court had discretion to assign a lower offense level and criminal history category,

which he asserts would yield a sentencing range of six to twelve months.  We review a district court's denial of a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion.  *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

The district court was required by statute—not the USSG—to impose a minimum sentence of 60 months for each count.  *See* 21 U.S.C. § 841(b)(1)(B)(iii) ("such person shall be sentenced to a term of imprisonment which *may not be less than 5 years . . .*") (emphasis added); 18 U.S.C. § 924(c)(1)(A)(i) (". . . be sentenced to a term of imprisonment of *not less than 5 years*.") (emphasis added).  In addition, Ramirez acknowledged in his plea agreement that the minimum penalty for each count was imprisonment for a period of not less than five years.  By statute, the sentences for each count must run consecutively.  *See* 18 U.S.C. § 924(c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . .").  No further reduction of Ramirez's sentence below 120 months is authorized because the sentence is based upon the minimum levels mandated by statute.  *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).[2]  Thus, his second motion for reduction of sentence was properly denied.

---

[2]  Ramirez does not allege the limited circumstances where a district court has the authority to determine a sentence below the statutorily mandated minimum apply to his case.  *See* 18 U.S.C. § 3553(e), (f).

## III.  Conclusion

After a careful review of the record, we conclude Ramirez has no meritorious claims on appeal.  We therefore GRANT counsel's request to withdraw and AFFIRM the decision of the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge