NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4597
_____

BENJAMIN D. SHARE,
                              Appellant

v.

JEFFREY KRUEGER, Warden, FCI - Schuylkill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 3-12-cv-02495
District Judge: The Honorable James J. Munley

Argued November 21, 2013

Before:  AMBRO, SMITH and CHAGARES, *Circuit Judges*

(Filed: January 23, 2014)

William C. Costopoulos [Argued]
Costopoulos, Foster & Fields
831 Market Street
P.O. Box 222
Lemoyne, PA  17043
        *Counsel for Appellant*

Kate L. Mershimer [Argued]
Office of United States Attorney
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA  17108

*Counsel for Appellee*

———————————

OPINION

———————————

SMITH, *Circuit Judge.*

In September of 2005, Benjamin D. Share pleaded guilty in the midst of a jury trial to one count of conspiring to defraud the United States by receiving and giving illegal gratuities, committing wire fraud and money laundering in violation of 18 U.S.C. § 371, and one count of obstruction of justice in violation of 18 U.S.C. § 1503. *See United States v. Share*, 223 F. App'x. 103, 105 (3d Cir. 2007). Thereafter, the United States District Court for the Middle District of Pennsylvania adopted the presentence report and imposed a sentence of 60 months on each count, to run consecutively. Share unsuccessfully challenged his sentence.

Share is now "over 84 years of age" and "has served over two-thirds of his sentence." In his view, he is "suffering from a combination of serious and chronic physical maladies which . . . all but put him in the 'terminal stage' by any reasonable medical definition." Because of his alleged "terminal" condition, Share sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Warden at

———————————

[1] Section 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that (1) in any case – (A) the court, *upon motion* of the *Director of the Bureau of Prisons*, may reduce the term of

FCI Schuylkill, however, determined that Share was a "stable chronic care individual" and denied the request.

Thereafter, in December of 2012, Share filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He asserted that he was attacking neither his conviction nor his sentence. Instead, he claimed that he was challenging the execution of his sentence by "proceeding under an independent action before the Court to secure his release for home confinement" and "seeking review of the [BOP]'s apparent or deemed denial of his request for compassionate release/relief" under § 3582(c)(1)(A)(i). According to Share, the Bureau of Prisons (BOP) has "failed to provide and/or sufficiently and adequately provide treatment for his serious, chronic and likely terminal medical maladies, particularly in light of his advanced age of over 84 years, all in violation of his 8th Amendment constitutional rights."

In a decision issued on December 26, 2012, the District Court dismissed that portion of the petition challenging the adequacy of Share's medical care without

---

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

3

prejudice to asserting the claim in a civil rights action. With regard to the request for compassionate release, the District Court acknowledged that 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to grant relief if a motion is in fact filed by the BOP. This statutory section, the Court concluded, vested the BOP with broad discretion in deciding whether to seek a modification of a prisoner's sentence on compassionate release grounds. The Court found persuasive the position of other courts that the "BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." Share's counsel filed a notice of appeal the following day.[2]

Share's counsel correctly acknowledged at oral argument that he cannot prevail under the compassionate release provision in 18 U.S.C. § 3582(c)(1)(A)(i). Indeed, without a motion from the BOP, the district courts have no authority to reduce a federal inmate's sentence based on special circumstances. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

Rather, counsel confirmed that he sought an expansion of this court's decision in *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), which would include inadequate medical treatment as a basis for relief under § 2241. Counsel's request, however, fails to account for our decision in *Cardona v.*

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over a district court's "dismissal of a habeas petition on jurisdictional grounds." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012).

4

*Bledsoe*, 681 F.3d 533 (3d Cir. 2012).

In *Cardona*, we considered whether the prisoner's suit should have been maintained as an action under § 2241 or a civil rights action under *Bivens*. Cardona challenged his placement in the Special Management Unit of the correctional facility in which he was housed. We pointed out that a § 2241 petition must challenge the execution of the prisoner's sentence. *Id.* at 535. We acknowledged that the "precise meaning of 'execution of the sentence' is hazy" and that in *Woodall* we "defined execution as meaning to put into effect or carry out." *Cardona*, 681 F.3d at 536 (quoting *Woodall*, 432 F.3d at 243) (internal quotation marks omitted). We noted that the § 2241 petitions in *Woodall* and *McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010), "challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536. Thus, we concluded that "[i]n order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentence judgment." *Id.* at 537. Because Cardona's petition did not allege such an inconsistency, and because it did not concern how the BOP was "'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment," we concluded that Cardona's "claims were not properly brought" under § 2241. *Id.*

Here, as in *Cardona*, there is no inconsistency between the BOP's conduct and the District Court's judgment. Because the BOP is carrying out the sentence imposed by the District Court, we conclude that Share's petition does not concern the execution, the carrying out, nor the putting into effect of his sentence. *Cardona*, 681 F.3d at 537. Accordingly, Share's petition, despite the title it bears, is not properly brought as a § 2241 petition. For that reason, the District Court did not err in dismissing it.[3] Accordingly, we will affirm the judgment of the District Court.

---

[3] Share's petition does not assert a claim under 28 U.S.C. § 2255. It neither seeks to invalidate Share's convictions nor challenges the duration of his sentence. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (instructing that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").