**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL DIAZ-GOMEZ,

Defendant -Appellant.

No. 15-2162
(D. New Mexico)
(D.C. No. 1:10-CR-00332-JAP-1)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Mr. Miguel Diaz-Gomez appealed from the district court's denial of a motion for sentence reduction. *See* 18 U.S.C. § 3582(c)(2). Mr. Diaz-Gomez's counsel filed a brief invoking *Anders v. California*, 386 U.S 738 (1967), and moving to withdraw based on the absence of any valid grounds

---

[*] Oral argument would not be helpful in this appeal. As a result, we are deciding the appeal on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

for appeal. We conclude that any appellate challenges would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

## I.   *Anders v. California*

Under *Anders v. California*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. *Id.* To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Mr. Diaz-Gomez's counsel filed a brief, and Mr. Diaz-Gomez bypassed the opportunity to file his own brief. In these circumstances, we base our decision on (1) the brief filed by defense counsel and (2) the record on appeal.

## II.   Basis for Mr. Diaz-Gomez's Sentence

Mr. Diaz-Gomez pleaded guilty to a drug conspiracy offense and was sentenced to ten years in prison, the mandatory minimum under 21 U.S.C. § 841(b)(1)(A). The United States Probation Office initially calculated Mr. Diaz-Gomez's sentencing guideline range between 97 and 121 months

2

based on his total adjusted offense level and criminal history category. But the probation office modified the range upward to account for the statutorily required minimum of ten years. *See* U.S.S.G. § 5G1.1. The district court adopted the modified guideline range of 120 to 121 months and sentenced Mr. Diaz-Gomez to 120 months.

## III. Mr. Diaz-Gomez's Response to the Guideline Amendment

In 2014, the Sentencing Commission adopted a retroactive guideline amendment, retroactively reducing the offense levels relating to specified quantities of controlled substances. U.S.S.G. app. C. suppl., amend. 782 (2014). Based on this amendment, Mr. Diaz-Gomez moved for a sentence reduction to 78 months. The probation office concluded that the guideline sentence would remain at 120 months because of the statutory mandatory minimum sentence. *See* U.S.S.G. § 5G1.1 ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

## IV. Mr. Diaz-Gomez's Ineligibility for Relief Under 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) provides "a narrow exception to the rule of finality" that "applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 825-

827 (2010). This exception does not apply when the defendant is sentenced to the minimum permitted under a statute. *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

Mr. Diaz-Gomez was sentenced to 120 months in prison because that was the mandatory minimum allowed under federal law.[1] Thus, he was not eligible for a sentence reduction under § 3582(c). In these circumstances, Mr. Diaz-Gomez lacks any reasonable grounds to appeal the sentence.

## V.    Conclusion

We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1]    At sentencing, the district court adopted the presentence report "without change." Record on Appeal at 72. The probation report stated that the offense carried a mandatory minimum of ten years in prison. *Id.* at 69. The district court's statement of reasons incorrectly checked the box stating: "No count of conviction carries a mandatory minimum sentence." *Id.* at 72. But as a matter of law, the sentence carried a mandatory minimum of ten years in prison. Thus, the inadvertent checkmark on the "Statement of Reasons" does not affect the outcome.