FILED
United States Court of Appeals
Tenth Circuit

January 5, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN J. GIESWEIN,

    Defendant - Appellant.

No. 20-6081
(D.C. No. 5:07-CR-00120-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Defendant-Appellant Shawn Gieswein, a federal inmate appearing pro se,

appeals from the district court's dismissal of his motion for a sentence reduction

under 18 U.S.C. § 3582(c)(1)(A). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm the district court's dismissal and deny IFP.

Mr. Gieswein argues that he is entitled to compassionate release under 18

U.S.C. § 3582(c)(1)(A) because (1) he is serving an "illegal sentence," and (2) the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

risk he faces due to COVID-19. Section 3582(c)(1)(A) allows a district court to grant a sentencing reduction if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission, as authorized by 28 U.S.C. § 994(t), has recognized four categories of "extraordinary and compelling reasons." See U.S.S.G. § 1B1.13, comment. n.1. These include the defendant's medical condition, age, family circumstances, and a catch-all, "other reasons." Id.

The district court concluded that Mr. Gieswein's arguments about his "illegal sentence" are not the type of "extraordinary and compelling reasons" that justify a sentencing reduction under § 3582(c)(1)(A). 8 R. 66. The court reasoned that "post-sentencing developments in case law" do not provide an appropriate basis for a sentence reduction under the statute. Id. (quoting United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020)). As to his COVID-19 argument, the district court concluded that Mr. Gieswein has not complied with § 3582(c)(1)(A)'s exhaustion and 30-day requirements. Id. at 65.

We review de novo the district court's legal determination about its authority to modify a sentence under § 3582(c)(1)(A). United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). On appeal, Mr. Gieswein does not challenge the district court's analysis and application of § 3582(c)(1)(A). Instead, he raises arguments that his sentence was "illegal" because he has served more time than the statutory maximum, his sentences must run concurrently, and his sentence departure was "abnormally

2

extreme." Aplt. Br. at 3. Due to his failure to address the district court's ruling, Mr. Gieswein has waived review of the district court's dismissal of his motion for compassionate release under § 3582(c)(1)(A). See Sawyers v. Norton, 962 F.3d 1270, 1286 (10th Cir. 2020). The district court appropriately concluded that Mr. Gieswein has not complied with the exhaustion and 30-day requirements for his COVID-19 argument. Following the passage of the First Step Act, a district court may only consider a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Gieswein's request to the warden did not include COVID-19 as a reason for compassionate release. 8 R. 35. Therefore, he has failed to meet the statute's exhaustion requirements and his COVID-19 justification was properly dismissed. See United States v. Springer, 820 F. App'x 788, 791–92 (10th Cir. 2020).

AFFIRMED. As Mr. Gieswein has not presented a rational appellate argument on the law and the facts, we DENY Mr. Gieswein's motion to proceed IFP and remind him that he is responsible for paying the full amount of the filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


3