FILED
United States Court of Appeals
Tenth Circuit

December 4, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUDY ARCHULETA,

Defendant-Appellant.

No. 09-2084
(D.C. No. 1:04-CR-01554-LH-2)
(District of New Mexico)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

On November 22, 2005, Rudy Archuleta pled guilty to one count of

possession with intent to distribute five grams or more of a mixture and substance

containing a detectable amount of cocaine base, in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(B) ("Count One"); and one count of carrying a firearm

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with under the terms and conditions of 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Two"). Mr. Archuleta received a sentence of sixty-three months for Count One, and sixty months for Count Two, to be served consecutively.

On July 10, 2008, Mr. Archuleta filed a motion to reduce his sentence pursuant to U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007), made retroactive by U.S.S.G. App. C, Amend. 713 (Mar. 3, 2008), contending that Amendment 706 entitled him to a two-level reduction in his base offense level. The district court granted the motion and reduced the sentence for Count One to sixty-months, the statutorily mandated minimum for the offense of conviction.

Mr. Archuleta then filed a second motion for modification of sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 5K2.0(a)(2)(A) & (B). In his motion, Mr. Archuleta conceded that the statutorily mandated sixty-month sentence for Count One was not impacted by Amendment 706, *see* rec. vol. I, at 38, but nevertheless asserted an entitlement to a downward departure on the basis that his failing health was not adequately addressed in the original sentencing proceedings. *Id.* at 39. The district court dismissed the motion for lack of jurisdiction, reasoning that the sentence modification statutes do not grant authority to reduce Mr. Archuleta's sentence further. *Id.* at 48.

This appeal followed. Concluding there were no nonfrivolous grounds to appeal, Mr. Archuleta's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, "counsel [may] request permission to withdraw

[from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744) (internal citations omitted). We review for abuse of discretion the district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

Mr. Archuleta contends on appeal that his modified sixty-month sentence is unreasonable because the district court failed to adequately consider various sentencing factors, in particular his failing health, in the original sentencing proceedings. *See* Aplt. Br. at 3. It is well established, however, that "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted). "Section 3582(c) provides that a court *may not* modify a term of imprisonment

-3-

once it has been imposed except in three limited circumstances." *United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997) (listing reasons) (emphasis in original; citations and internal quotation marks omitted). In particular, medical condition is not one of the reasons, absent a motion by the Director of the Bureau of Prisons. *Id.* at 541. Because none of these circumstances is present here, the district court correctly dismissed Mr. Archuleta's request for modification of his sentence for lack of jurisdiction.

Our review of the record persuades us that Mr. Archuleta has no meritorious grounds for appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge