**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HAROLD EUGENE BELL,

Defendant–Appellant.

No. 09-6281

(D.C. No. 96-CR-00084-D-1)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In 1997, Defendant was convicted of conspiracy to possess and distribute cocaine. The government filed an information establishing three prior felony drug convictions, which, based on the 340.2 grams of crack cocaine involved, invoked the mandatory life imprisonment provision of 21 U.S.C. § 841(b)(1)(A).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We affirmed Defendant's conviction and life sentence on direct appeal. *United States v. Bell*, 154 F.3d 1205 (10th Cir. 1998).

After the United States Sentencing Commission promulgated Amendment 706 to the sentencing guidelines, Defendant filed an 18 U.S.C. § 3582(c)(2) motion for a sentence modification. The district court entered an order denying relief based on the lack of jurisdiction, noting that a defendant is not entitled to a sentence reduction under § 3582(c)(2) if he was sentenced to a statutory mandatory minimum. *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Defendant now appeals from that decision, arguing his life sentence violates the Eighth Amendment.

We affirm the district court's decision. Section 3582(c)(2) does not authorize a court to reduce the sentence of a defendant who was sentenced to a statutory mandatory minimum, and thus the court correctly denied Defendant's motion for a modification of his sentence. *See id.* Moreover, even if the district court had jurisdiction to consider Defendant's Eighth Amendment challenge to his sentence in a § 3582(c)(2) proceeding, this challenge would be foreclosed on the merits by our precedent. *See, e.g.*, *United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009) (rejecting an Eighth Amendment challenge to concurrent life sentence imposed for two cocaine convictions); *United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir. 1998) (rejecting the argument that the Eighth Amendment is violated by the sentencing disparity between crack cocaine and

2

powder cocaine).

The district court's decision is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge