**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DELMAR ANTON ZEIGLER,

      Defendant-Appellant.

No. 10-6012
(D.C. No. 5:98-CR-00029-L-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH** and **EBEL,** Circuit Judges, and **ARGUELLO**[**], District Court Judge.

Shortly after Delmar Anton Zeigler was indicted on various drug and gun charges, the government filed an information pursuant to 21 U.S.C. § 851(a). In that document, the government announced that, in light of Mr. Zeigler's prior drug felony convictions, it would seek to invoke 21 U.S.C. § 841(b)(1)(A) and

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Christine M. Arguello, United States District Court Judge, District of Colorado, sitting by designation.

secure a mandatory term of life in prison for Mr. Zeigler should he be convicted under his current indictment.

Mr. Zeigler elected to proceed to trial, where the jury found him guilty of possessing crack cocaine with intent to distribute. At sentencing, the district court agreed with the government that it was bound by 21 U.S.C. § 841 to impose two concurrent life sentences, and we affirmed the sentence on appeal. *See United States v. McKissick*, 204 F.3d 1282 (10th Cir. 2000). Over the next five years, Mr. Zeigler pursued and lost repeated collateral challenges to his conviction and sentence under 28 U.S.C. § 2255.

In the current case, initiated some nine years after his conviction, Mr. Zeigler initially attempted a different tack. Mr. Zeigler filed a motion under 18 U.S.C. § 3582(c)(2), arguing he was entitled to a reduced sentence under Amendment 706 of the Sentencing Guidelines. That Amendment effectively reduces crack cocaine sentences by two base levels. But the district court correctly rejected this motion, holding that § 3582 has no application to Mr. Zeigler's case. This is because § 3582(c)(2) empowers a district court to modify only sentences based on a sentencing range subsequently lowered by the *Sentencing Commission*. And, of course, the Sentencing Commission does not have the authority to override a statute that, as here, imposes a mandatory minimum term of imprisonment. *See United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

Now before us, Mr. Zeigler does not contest the district court's ruling that he is ineligible for a sentence reduction under § 3582(c)(2). Indeed, Mr. Zeigler himself *concedes* that the district court lacked authority to reduce his sentence under § 3582. *See* Opening Br. at 9, 10. Instead, Mr. Zeigler seeks to pursue a very different argument, one that he never raised before the district court and one that doesn't sound in § 3582 at all. He seeks to argue that Congress's statutory scheme mandating his life imprisonment violates the Eighth Amendment prohibition against cruel and unusual punishment.

Any such collateral challenge to a federal prisoner's sentence, however, must be brought under the rubric prescribed by 28 U.S.C. § 2255; a prisoner cannot use the appellate process to evade the strictures and limits of the § 2255 process. Under *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006), we may therefore treat Mr. Zeigler's putative appeal for what it is — "an implied application to this court for leave to file a second [or successive] § 2255 motion." *Id.* at 1149.

Doing just that, we deny the application. Mr. Zeigler has not satisfied § 2255(h)'s requirements for a second or successive motion, having identified no newly discovered evidence or constitutional rule retroactively applicable to his case. To the contrary, this court has consistently rejected the very sort of Eighth Amendment challenge Mr. Zeigler seeks to make before us. *See, e.g., United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009) (rejecting an Eighth

- 3 -

Amendment challenge to concurrent life sentences imposed for two cocaine convictions); *United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir. 1998) (Eighth Amendment is not violated by the sentencing disparity between crack and powder cocaine); *United States v. Bell*, No. 09-6281, 2010 WL 2676366, at *1 (July 7, 2010) (unpublished).

Treating Mr. Zeigler's appeal as a request for authorization to proceed with a successive motion attacking the legality of his sentence, that request is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge