UNITED STATES COURT OF APPEALS
**Filed 10/8/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

PETER BURKINS,

      Defendant - Appellant.

No. 95-6435
(D.C. No. 95-64-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Peter Burkins was convicted of fifteen counts of possession with intent to distribute cocaine base, conspiracy to possess with intent to distribute, money laundering and possession of a firearm during a drug trafficking transaction, in violation of 21 U.S.C. § 846, 18 U.S.C. § 1956(a)(1)(B)(i), 21 U.S.C. § 841(a)(1), 18 U.S.C. § 924(c), 21 U.S.C. § 856(a)(1), 18 U.S.C. § 922(j), and 18 U.S.C. § 2. Mr. Burkins raises three issues on

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

appeal. First, he contends that the trial court erred in ruling that certain out of court statements were admissible as nonhearsay coconspirator statements under Fed. R. Evid. 801(d)(2)(E). Second, he contends the trial court erred by failing to make specific findings of fact to support its conclusion that he was an "organizer or leader" of a criminal activity involving five or more individuals, when the court enhanced his sentence under U.S.S.G. § 3B1.1(a). Finally, he challenges his conviction under 18 U.S.C. § 924(c) for possession of a firearm during a drug trafficking transaction. In light of Bailey v. United States, 116 S. Ct. 501 (1995), the government concedes Mr. Burkins' § 924(c) conviction should be vacated. For the reasons set forth below, we affirm the remaining convictions.

We have established a three-part test for admission of coconspirator statements as nonhearsay. The district court must determine whether (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. United States v. Urena, 27 F.3d 1487, 1490 (10th Cir.), cert. denied, 115 S. Ct. 455 (1994). We review the district court's findings of fact with respect to these points only for clear error. Id. Upon review of the record, we find no clear error. Following the preferred order of proof, the court determined that the necessary predicate conspiracy existed, Defendant was a member of it, and sufficient evidence existed to link up the statements in question with that conspiracy. See Bourjaily v. United States, 483

U.S. 171, 180-81 (1987); United States v. Owens, 70 F.3d 1118, 1124 (10th Cir. 1995); Urena, 27 F.3d at 1491.

With respect to Mr. Burkins' sentence enhancement under U.S.S.G. § 3B1.1(a), we have reviewed the record and find that the district court made appropriate findings and "advanc[ed] a factual basis" to support the enhancement. United States v. Ivy, 83 F.3d 1266, 1292 (10th Cir. 1996) (quoting United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir. 1995)). The court specifically listed seven individuals who, based on testimony at trial, it found were involved in the conspiracy with Mr. Burkins. In addition, the court found that Mr. Burkins directed the delivery of cocaine by at least one of his subordinates, Deano Driver. This is sufficient to support the enhancement. U.S.S.G. § 3B1.1, comment. (n.2) (to qualify for enhancement, defendant must have been organizer or leader of one or more other participants).

We REMAND to the district court with instructions to VACATE the conviction under 18 U.S.C. § 924(c), in Count 13 of the Indictment; the remainder of the Judgment is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge