**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENLH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 04-6360 |
| v. | (W.D. Oklahoma) |
| PETER BURKINS, | (D.C. No. 95-CR-64-T) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT***

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Peter Burkins appeals the district court's dismissal of the Motion to Modify Sentence he brought pursuant to 18 U.S.C. § 3582(c)(2). In

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his motion, Burkins also purported to challenge his sentence pursuant to 18 U.S.C. § 3553(a). In 1995, Burkins was indicted in a multi-count indictment for various drug and drug-related crimes. A jury found him guilty of all counts. Burkins filed an appeal in this court, challenging his convictions and arguing the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 3B1.1(a) after finding he was an organizer or leader of a criminal activity involving five or more persons. We reversed Burkins' 18 U.S.C. § 924(c) conviction but affirmed the remainder of the judgment. *United States v. Burkins*, No. 95-6435, 1996 WL 576011 (10th Cir. Oct. 8, 1996).

Burkins filed a 28 U.S.C. § 2255 habeas motion in October 1997. The motion was denied and this court dismissed Burkins' appeal for lack of jurisdiction. Burkins thereafter filed two applications for leave to file a successive § 2255 motion; both applications were denied by this court. On September 7, 2004, Burkins filed the motion which is the subject of this appeal. The district court denied Burkins' motion, concluding that Burkins was not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2) because his sentencing range was not lowered by the Sentencing Commission after he was sentenced.

Burkins filed the instant appeal, challenging the district court's rejection of his § 3582(c)(2) argument and re-asserting claims based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738

-2-

(2005).[1]  We have reviewed the record, the appellate briefs, and the applicable law and conclude the dismissal of Burkins' § 3582(c)(2) claim was proper. Accordingly, the district court's order dismissing Burkins motion is **affirmed** for substantially the reasons stated in the district court's order dated October 27, 2004.

We construe the *Booker* claim raised in Burkins' appellate brief as an application to file a second or successive habeas petition.  Because the Supreme Court has not held that the rule announced in *Booker* is retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion, Burkins has not made a prima facie showing that satisfies the requirements of § 2255(2).  *See United States v. Bellamy*, 411 F.3d 1182, 1186-8 (10th Cir. 2005)*; United States v. Leonard*, 383 F.3d 1146, 1147-48 (10th Cir. 2004).  Accordingly, Burkins' implied application for leave to file a successive petition is **denied**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Burkins' motion to proceed *in forma pauperis* on appeal is granted.