FILED
United States Court of Appeals
Tenth Circuit

May 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEBRON EARL SAMUELS,

Defendant-Appellant.

No. 12-6003

(W.D. of Okla.)

(D.C. No. 5:10-CR-00144-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Labron Earl Samuels, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to

modify his sentence based on Amendment 750 to the United States Sentencing

Guidelines (USSG). We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

construe Samuels's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

We find the district court did not abuse its discretion in denying the § 3582(c)(2) motion. The district court's order denying Samuels's § 3582(c)(2) motion is AFFIRMED. We DENY the motion for leave to proceed in forma pauperis.

# I. Background

Samuels was convicted of use of a communication facility to facilitate the acquisition of cocaine base in violation of 21 U.S.C. § 843(b). Under the advisory sentencing guidelines, Samuels was determined to have a total offense level of 29 and a criminal history category of VI, resulting in a guideline incarceration range of 151 to 188 months.

After Samuels pleaded guilty but before he was sentenced, Congress passed the Fair Sentencing Act of 2010, 2010, Pub. L. No. 11-120, 124 Stat. 2372 (2010), which reduced the disparity between crack and powder cocaine sentences. The district court took notice of this change in the law and entered an order abating Samuels's sentencing until new Sentencing Guidelines were adopted pursuant to this legislation. After the new Guidelines were adopted, the court ordered the preparation of a revised presentence report (PSR), which found that Samuels's guideline range was still 151 to 188 months. The PSR also found that Samuels's offense was subject to a statutory maximum of 48 months under

21 U.S.C. § 843(d)(1). The court then sentenced Samuels to a term of 48 months of incarceration based on the statutory maximum penalty.

Samuels then filed a motion in district court pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. The district court denied his motion for sentence reduction on the grounds that adoption of the amended Sentencing Guidelines did not reduce Samuels's guideline range, and accordingly concluded that 18 U.S.C. § 3582(c)(2) did not authorize reduction of the 48-month incarceration term already imposed.

## II. Analysis

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238–39 (10th Cir. 2008).

When, as here, a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation and brackets omitted). As applicable to Samuels's situation, § 3582(c) allows the court to modify a sentence only if the *sentencing range* is subsequently lowered by the Sentencing Commission. Contrary to his argument that Amendment 750 entitles him to a reduction of his statutory-maximum sentence of 48 months, Samuels

does not fall within the situation covered by USSG § 1B1.10(b)(2)(B). Amendment 750 does not address a statutory maximum sentence. Rather, "[p]ursuant to U.S.S.G. § 5G1.1(a), if a statutory maximum sentence is less than the minimum of the applicable Guideline range, the statutory maximum sentence shall constitute the recommended sentence under the Guidelines." *United States v. Benally*, 541 F.3d 990, 993 (10th Cir. 2008).

Because Samuels's minimum guideline sentence, even after Amendment 750, was greater than the statutory maximum sentence, he is not entitled to a sentence reduction. *Cf. Sharkey*, 543 F.3d at 1238–39 (holding a reduction in defendant's sentence as a career offender was not authorized under § 3582(c)(2) because Amendment 706 did not lower his applicable guideline range under career-offender Guidelines). Therefore, the district court did not abuse its discretion in denying the § 3582(c)(2) motion.

Samuels also argues that the district court incorrectly calculated the amount of crack cocaine attributable to him. Samuels did not raise this issue in a direct appeal and cannot now use § 3582(c)(2) to collaterally attack his sentence. *See Smartt*, 129 F.3d at 542–43 (holding district court does not have jurisdiction under § 3582 to consider collateral sentencing issues). A collateral attack "complain[s] about the substance of, or proceedings that determined, a defendant's original sentence or conviction." *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). In contrast, § 3582(c)(2) only gives district

courts the authority "to modify a sentence based on events occurring after the original sentence was imposed." *Id.*; *see also United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (describing the difference between a § 3582(c)(2) motion and a collateral attack). By challenging the quantity of drugs calculated by the sentencing court, Samuels is attempting to use his § 3582(c)(2) motion as a vehicle to challenge the substance of, or the proceedings that determined, his original sentence. Therefore, we will not consider this claim.

Finally, "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(3). For the same reasons stated by the district court, we find that this appeal is not taken in good faith. Samuels has "failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007); *see also* 28 U.S.C. §§ 1915(a)(3), (e)(2). Accordingly, Samuels's motion for leave to proceed in forma pauperis is denied.

## III. Conclusion

We therefore AFFIRM the district court's denial of the § 3582(c)(2) motion. The motion for leave to proceed in forma pauperis is DENIED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

-5-