**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PETER BURKINS,

Defendant - Appellant.

No. 13-6243

(D.C. No. 5:95-CR-00064-D-1)

(W.D. Okla.)

## ORDER AND JUDGMENT*

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

In 1995, after a jury convicted Peter Burkins on 15 counts involving cocaine base, money laundering, and firearms offenses, the trial court sentenced him under the mandatory sentencing guidelines to life imprisonment. On appeal, he did not challenge the district court's adoption of the presentence report's ("PSR") relevant conduct finding of 8.88 kilograms of cocaine base.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In 2013, Burkins filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied his motion because, even after the retroactive passage of Amendment 750 to the Sentencing Guidelines, Burkins' relevant conduct of 8.88 kilograms still left him at base offense level 38. On appeal, Burkins does not contest this ruling. Instead, he seeks to collaterally attack his original sentence based on two theories: (1) the district court did not make a drug quantity finding, so his eligibility for relief should turn on the amount the grand jury charged; and (2) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment.

We conclude that the district court made a drug quantity finding, specifically attributing 8.88 kilograms of cocaine base to Burkins as relevant conduct. From this, the district court correctly determined that Amendment 750 did not lower his sentencing range. In addition, we hold that we have no authority to grant relief to Burkins on his Eighth Amendment claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

BACKGROUND

In 1995, a federal grand jury indicted Burkins, charging him with multiple cocaine base, money laundering, and firearms offenses. After trial, a jury convicted Burkins on all counts.

Applying the 1994 Sentencing Guidelines, the Probation Office prepared a PSR, which recommended holding Burkins accountable for 8.88 kilograms of cocaine base. Because this drug weight exceeded 1.5 kilograms,[1] Burkins qualified for base offense level 38—the highest base offense level under U.S. Sentencing Guidelines Manual § 2D1.1. The PSR assessed six additional levels, two under § 2D1.1(b)(1) for possessing a firearm, and four under § 3B1.1(a) for serving as an organizer of criminal activity with five or more people. Based on these calculations, the PSR arrived at a total offense level of 44.

Burkins lodged several objections to the PSR. But of the 8.88 kilograms of cocaine base attributed to him, he contested just 18 ounces (510.3 grams)—the amount that he was listed as having sold to Raymond Hickman in 1992. After hearing testimony on this disputed amount, the district court overruled Burkins' objection, finding that "the contents of the paragraph objected to [by the

---

[1] In 1995 the threshold weight of cocaine base to reach the highest base offense level of 38 was 1.5 kilograms. U.S. Sentencing Guidelines Manual § 2D1.1(c) (1995). In 2007, under Amendment 706 to the Sentencing Guidelines, this amount increased to 4.5 kilograms. *Id.* app. C, amend. 706 (Nov. 1, 2007). In 2010, under Amendment 750, the amount was raised again, this time to 8.4 kilograms. *Id.* app. C, amend. 750 (Nov. 1, 2010). For sentences after November 1, 2014, under Amendment 782 to the Sentencing Guidelines, the amount of cocaine base increased again, this time to 25.2 kilograms for base offense level 38. *Id.* app. C, amend. 782 (Nov. 1, 2014). The Commission has made the new amendment retroactive, but with the requirement that reduced sentences cannot take effect until November 1, 2015. *Id.*

For clarity, citations to the Sentencing Guidelines will include the year that the Guidelines were effective for its cited purpose. For all citations, we note that the Guidelines were last amended on November 1, 2014.

defendant] are supported by the evidence from the trial, and, accordingly, the objection . . . will be overruled." R. vol. 1 at 335. The court "adopt[ed] the factual findings and guideline application in the [PSR]." *Id.* at 238, 244. On October 25, 1996, the district court sentenced Burkins to a mandatory sentence of life imprisonment.[2]

Burkins filed a direct appeal, challenging the admission of certain co-conspirator statements and the four offense levels imposed against him as a leader-organizer of the offenses of conviction. *United States v. Burkins*, No. 95-6435, 1996 WL 576011, at *1 (10th Cir. Oct. 8, 1996) (unpublished). Nowhere did he challenge the district court's finding that attributed 8.88 kilograms of cocaine base to him. We dismissed Count 13 of his conviction related to firearms under 18 U.S.C. § 924(c) after the government conceded error. *Id.* at *1–2.

In October 1997, Burkins filed a habeas petition under 28 U.S.C. § 2255. *United States v. Burkins*, 157 F. App'x 55, 55 (10th Cir. 2005) (unpublished). After the district court denied the petition, we dismissed his appeal for lack of

---

[2] In 1995 when Burkins was sentenced, the Sentencing Guidelines were mandatory. They have since been rendered advisory. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court found that the mandatory nature of the Sentencing Guidelines violated the Sixth Amendment right of criminal defendants to be tried by a jury and to have every element of their offense proven by a reasonable doubt. 543 U.S. at 243–44. To remedy the problem, the Supreme Court rendered the Guidelines advisory by invalidating certain provisions of the Sentencing Reform Act. *Id.* at 259. The Court later found the remainder of the Guidelines constitutional. *See id.*

jurisdiction. *Id.* Subsequently, we denied his two later applications to file successive petitions under § 2255. *Id.*

In September 2004, Burkins sought a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 505, which amended the drug quantity table. The district court denied the motion because the sentencing court had already considered Amendment 505 at Burkins' original sentencing. Nothing suggests that Burkins argued in that proceeding—or any earlier proceeding—that his relevant conduct of 8.88 kilograms of cocaine base was too high or erroneous.

In 2007, the Sentencing Commission enacted Amendment 706, which reduced the base offense level by two for most weights of cocaine base.[3] U.S. Sentencing Guidelines Manual app. C, amend. 706 (Nov. 1, 2007). Among other changes, Amendment 706 increased the amount of cocaine base needed to qualify for base offense level 38 from 1.5 kilograms to 4.5 kilograms or more. *Id.* § 2D1.1(c) (1994); *id.* app. C amend. 706 (Nov. 1, 2007). In effect, this lowered the cocaine powder/base ratio from 100:1 to about 33:1.[4] Thus, for defendants whose relevant conduct involved between 1.5 and 4.5 kilograms of cocaine base,

---

[3] In 2008, with Congress' acquiescence, the Commission made the base offense level reduction retroactive through Amendment 713. U.S. Sentencing Comm'n, *Supplement to the 2007 Guidelines Manual* 55–56 (2008).

[4] Amendment 706 did not create a uniform ratio across the offense levels. Instead, the Guidelines under Amendment 706 "advance[d] a crack/powder ratio that varie[d] (at different offense levels) between 25 to 1 and 80 to 1." *Kimbrough v. United States*, 552 U.S. 85, 106 (2007).

Amendment 706 afforded relief by lowering their sentencing ranges. But Burkins' relevant conduct involved 8.88 kilograms, so Amendment 706 afforded him no relief.

In 2010, after Congress enacted the Fair Sentencing Act, the Sentencing Commission again lowered the sentencing range by enacting Amendment 750. *Id.* app. C, amend. 750 (Nov. 1, 2010). The Fair Sentencing Act reduced the statutory minimum penalty disparity between cocaine powder and cocaine base to an 18:1 ratio.[5] *See* Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Specifically, as pertains to Burkins' case, Amendment 750 reduced from level 38 to level 36 offenses involving between 2.8 and 8.4 kilograms of cocaine base. U.S. Sentencing Guidelines Manual app. C, amend. 750 (Nov. 1, 2011). Offenses involving more than 8.4 kilograms of cocaine base remained at base offense level 38. *Id.* § 2D1.1(c)(1) (2013). With Congress' assent, the Sentencing Commission applied Amendment 750 retroactively. *See id.* app. C, amend. 759 (Nov. 1, 2011).

In response to Amendments 706 and 750, Burkins filed a number of motions under § 3582(c)(2) requesting a sentence reduction. The Probation Office recommended to the district court that it find Burkins ineligible for relief under both Amendments because neither reduced his guideline sentencing range.

---

[5] For the 10-year mandatory minimum sentence, the ratio became 5 kilograms of powder to 280 grams of base; for the 5-year mandatory minimum sentence, 500 grams of powder to 28 grams of base. U.S. Sentencing Guidelines Manual app. C, amend. 750 (Nov. 1, 2010).

Agreeing with the Probation Office, the district court denied his motions, concluding that he was ineligible for relief under Amendment 706 or 750 because his "sentence was based on a quantity of cocaine base (8.88 kilograms) that exceeds the maximum amount to which the amendments apply (8.4 kilograms)." R. vol. 1 at 392.

Section 3582(c)(2) does not authorize a sentence reduction unless a guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2013). Accordingly, the district court denied his request for a sentence reduction on this basis. In addition, the district court rejected Burkins' arguments because they were outside the scope of proceedings authorized by § 3582(c)(2). It explained that, "to the extent that Defendant seeks relief from his sentence for reasons other than amendments to the sentencing guidelines, the Supreme Court has held that § 3582(c)(2) 'authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing hearing.'" R. vol. 1 at 392 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

## DISCUSSION

### A. The Drug Quantity Finding

Burkins contends that the district court only made "general findings based on the summary testimony of an agent during the original sentencing hearing [that]

did not result in a determinate amount of cocaine base." Appellant's Rep. Br. at 3. He notes that the jury did not specifically find relevant conduct of 8.88 kilograms because the jury instruction "relieved the jury of any obligation to determine a specific amount of drugs attributable to [Burkins]." Appellant's Br. at 14–15. He is referencing the verdict form, on which the jury was required merely to check guilty or not guilty next to each count from the indictment. There were no associated drug amounts. Thus at most, he argues, the jury's verdict supports a drug finding of 2.97 kilograms of cocaine base, the amount charged in the indictment. As such, he argues his eligibility under Amendment 750 should turn on the amounts "inferred from the jury's verdicts of guilt on the Counts charging specific amounts associated with specific transactions." Appellant's Rep. Br. at 3. Because the total amounts identified in the indictment, and upon which he was convicted, equal 2.97 kilograms of cocaine base, he now contends that his proper base offense level is 36 (requiring at least 2.8 kilograms but less than 8.4 kilograms).[6] *See* U.S. Sentencing Guidelines Manual § 2D1.1 (2013). We

---

[6] Burkins submits that *United States v. Battle*, 706 F.3d 1313 (10th Cir. 2013), is dispositive. However, *Battle* is not relevant. The court in *Battle* sentenced the defendant on a finding of "at least" 1.5 kilograms of cocaine base. *Id.* at 1319. When a sentencing court finds that the defendant had "at least" the minimum amount of cocaine base that would place him in base offense level 38, the *Battle* court held that a court is not bound to that drug quantity and "may look to its previous findings, including any portions of a PSR adopted by the sentencing court, to make supplemental calculations . . . ." *Id.* Unlike in *Battle*, the sentencing court in Burkins' case made a specific finding of 8.88 kilograms. As such, the court's holding in *Battle* is not applicable to this case.

agree with Burkins that the total amounts identified in the indictment are equal to 2.97 kilograms of cocaine base.[7] But for the reasons set out below, we reject his contention that the sentencing court was constrained by that amount contained in the indictment when determining his base offense level.

We review de novo the scope of a district court's authority to resentence a defendant in a § 3582(c)(2) proceeding. *United States v. Williams*, 575 F.3d 1075, 1076 (10th Cir. 2009). We review a sentencing court's determination of a drug quantity for clear error. *United States v. Zapata*, 546 F.3d 1179, 1192 (10th Cir. 2008).

Even if Burkins were correct that the district court failed to make a drug quantity finding, he cannot raise the issue in a § 3582(c)(2) proceeding. While he couches his argument as a request for this court merely to consider his eligibility using the drug quantity from his indictment, in substance, he is collaterally attacking his original sentence. The Supreme Court has held that § 3582(c)(2) proceedings "authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 826. "[A] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." *United*

---

[7] Burkins points us to jury instruction 52 to establish the 2.97 kilograms the indictment charged. However, we need not refer to this instruction because we agree that the indictment indeed charged a total of 2.97 kilograms.

*States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (alterations in original) (emphasis in original) (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)) (internal quotation marks omitted). Under § 3582(c)(2), a court may only grant a sentence reduction for a defendant whose sentencing range "has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2).

Moreover, this court has held that a proceeding under § 3582(c)(2) is an inappropriate vehicle for arguing that a sentence was incorrectly imposed. *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). These arguments should be raised on direct appeal or in a § 2255 habeas petition. *Id.* Specifically, a challenge to a district court's drug quantity finding should be raised on direct appeal, not in a § 3582(c)(2) proceeding. *See United States v. Samuels*, 488 F. App'x 275, 277 (10th Cir. 2012) (unpublished).

Even further, Burkins' argument fails because the sentencing court's adoption of the PSR's factual findings sufficed to attribute 8.88 kilograms of cocaine base to Burkins. We have never limited a sentencing court's discretion in determining a base offense level by the drug quantities charged in an indictment. We have held "that a sentencing court may look beyond the offense of conviction and 'may consider quantities of drugs not alleged in calculating a defendant's base offense level, provided the drugs were part of the same course of conduct or common

scheme or plan as the offense of conviction.'" *United States v. Moore*, 130 F.3d 1414, 1416 (10th Cir. 1997) (quoting *United States v. Roederer*, 11 F.3d 973, 978 (10th Cir. 1993)); s*ee also* U.S. Sentencing Guidelines Manual § 1B1.3 cmt. background ("Relying on the entire range of conduct, regardless of the number of counts that are alleged or on which a conviction is obtained [is reasonable].").[8] A district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). While "'[a] district court may not simply adopt the PSR as its findings when the defendant disputes the report[,]'. . . we have never held that a factually *undisputed* PSR [cannot] form the basis for factual findings." *United States v. Hooks*, 551 F.3d 1205, 1217 (10th Cir. 2009) (alteration in original) (emphasis in original) (quoting *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006)). If the defendant makes objections, a court may properly adopt the PSR after considering those objections. *See United States v. Wilson*, 545 F. App'x 714, 716–17 (10th Cir. 2013) (unpublished).

At the sentencing hearing, Burkins objected to only one drug amount in the PSR—the 18 ounces (510.3 grams) that he sold to Hickman in 1992. While

---

[8] The commentary to the Sentencing Guidelines provides the following illustrative sentence: "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S. Sentencing Guidelines § 1B1.3 cmt. background (2014).

Burkins maintains that the court never ruled on this objection, we find that the sentencing court explicitly did so. At sentencing, the court heard testimony that refuted Burkins' objection. The court then overruled his objection. After the sentencing hearing, the court adopted the PSR, including the factual finding that Burkins was accountable for 8.88 kilograms of cocaine base.

In sum, we hold that Burkins is not entitled to resentencing under § 3582(c)(2).

## B. The Eighth Amendment

Burkins also argues that "[t]he continued enforcement of a sentence contrived in contravention of the Sixth Amendment and effectuating a repudiated punishment formula presents an extraordinary case of grossly disproportionate punishment that traduces the protections of the Eighth Amendment." Appellant's Br. at 25–26. Because he was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), and before the enactment of the Fair Sentencing Act, Burkins maintains that there are "Eighth Amendment implications of a sentence that was derived as a result of a process that both violated the Sixth Amendment and enforced a grossly disproportionate punishment differential subsequently acknowledged as insupportable." Appellant's Br. at 24–25.

Here, Burkins fails to tie his Eighth Amendment challenge to his motion for a sentence reduction under § 3582(c)(2)—the matter the district court heard and the

only possible basis for this appeal. Instead, he protests that *Booker* has not been given retroactive effect and consequently that "[c]ontinuing to enforce a sentence of life imprisonment devised in derogation of the Constitution is a continuing violation of a defendant's Constitutional rights." Appellant's Br. at 21. If we do not apply *Booker*, he states, then "[t]he continued enforcement of the life sentence imposed in this case violates [his] Constitutional right not to be subjected to cruel and unusual punishment." *Id.* Even after acknowledging that the Supreme Court has not applied *Booker* retroactively,[9] he impliedly asks this court to reverse our clearly established precedent and do so.

Before we discuss our reason for denying Burkins' constitutional argument, we note that we are bound by the Court's decision in *Dillon* that *Booker* does not apply to § 3582(c)(2) resentencing proceedings. *Dillon*, 560 U.S. at 828. As for Burkins' argument that his sentence violates the Eighth Amendment, we are unable to reach the merits because his challenge amounts to a collateral attack on his sentence, where Burkins seeks relief beyond that which § 3582(c)(2) allows.[10] *See Price*, 438 F.3d at 1006–07 (finding no authority to

---

[9] *See Dillon*, 560 U.S. at 828 (reviewing an appeal from a § 3582(c)(2) proceeding and rejecting an argument that, under *Booker*, the district court should have resentenced the defendant under the advisory guidelines and adjusted his criminal history category).

[10] Even if Burkins had the statutory ability to challenge the constitutionality of his sentence under § 3582(c)(2), we note that his Eighth Amendment claim would fare poorly under existing precedent. *See Harmelin v. Michigan*, 501 U.S. 957, 1002–05

- 13 -

consider *Booker* relief in a § 3582(c)(2) proceeding after noting that courts may modify a defendant's sentence only when Congress has expressly given jurisdiction to do so); *United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997) (finding no jurisdiction in a § 3582(c)(2) appeal to consider the effect of counsel's failure to request safety-valve relief, as this relief should be addressed in a § 2255 motion); *United States v. Gay*, 771 F.3d 681, 686–87 (10th Cir. 2014) (finding court had no authority to hear Eighth Amendment challenge in a §3582(c)(2) proceeding). We find nothing in the limited congressional grant of authority to modify sentences under § 3582(c)(2) that would allow Burkins to challenge the constitutionality of his sentence. If he wishes to challenge the constitutionality of his sentence, he must do so on direct appeal or in a § 2255 petition.

## CONCLUSION

In sum, the district court properly made a drug quantity finding at Burkins' sentencing hearing, and it did not err in finding that Burkins was ineligible for a

---

(1991) (finding that a life sentence without parole for possession of 650 grams of cocaine base did not violate the Eighth Amendment).

sentence reduction under § 3582(c)(2). Accordingly, we AFFIRM the district court's order denying relief under § 3582(c)(2).

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge